**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| June Johnson, et al., | No. CV-22-00568-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Secure Ventures LLC, | |
| Defendant. | |

This case involves Plaintiffs' efforts to prevent Defendant from taking possession of Plaintiffs' residence. Plaintiffs came to this Court's filing counter just before noon today and filed a motion for temporary restraining order ("TRO") seeking to stop the enforcement of a writ of restitution set to be executed at noon today (the writ of restitution will remove Plaintiffs from the premises). (Doc. 3 at 17). In other words, Plaintiffs sought to have a TRO issued within minutes of when they arrived at the courthouse. However, by the time the Clerk's office filed this case, and transmitted electronic notice to the undersigned, this deadline had already passed. Thus, this Court is inclined to deny the pending motion for temporary restraining order and motion for order to show cause as moot because the only deadline listed in the documents has already expired.

Moreover, even if the Court had time before the eviction to consider the motion for TRO, the motion does not seek a TRO without notice, nor is there time to give Defendant notice. It appears from Plaintiffs' filings that Plaintiffs had notice of that eviction would be forthcoming when their final motion within their state court appeal was denied on March

3, 2022.  (Doc. 3-1 at 2).  Plaintiffs cannot circumvent the notice requirement by waiting so long to file a motion for TRO that they create their own emergency.  *See e.g. Comcast of Illinois X, LLC v. Till*, 293 F.Supp.2d 936, 938-39 (E.D. Wisc. 2003); *Best Deals on TV, Inc. v. Naveed*, 2007 WL 902564, *4 (N.D. Cal. 2007) (Plaintiff cannot show the need for a temporary restraining order without notice when Plaintiff waited months after learning of the situation to file the request); *Martin v. Family Lending Servs.*, No. 09-CV-2133-PHX-ROS, 2009 U.S. Dist. LEXIS 100453, at *3 (D. Ariz. Oct. 15, 2009) (citation omitted) (noting that a plaintiff may not create her own emergency to circumvent the notice requirement in seeking a TRO).

Finally, Plaintiffs cannot meet the requirements for a TRO because they have not shown a likelihood of success on the merits.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132-35 (9th Cir. 2011).  Plaintiffs' filing states that a Trustee sale of the residence has already occurred.  (Doc. 3 at 15).  Generally, under Arizona law, a borrower waives all claims and defenses relating to his or her mortgage if the borrower does not obtain an injunction to stop the Trustee sale by 5:00 p.m. the day before the sale occurs. A.R.S. § 33-811(C); *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012). Because the Trustee sale has already occurred, Plaintiffs' efforts to unwind it are unlikely to succeed on the merits.  Thus, the TRO will be denied for this reason.

By separate order this Court will address Plaintiffs' application to proceed in forma pauperis and federal subject matter jurisdiction.  As that order will discuss, Plaintiffs have not established federal subject matter jurisdiction.  Nonetheless, the Court has considered the request for the TRO because of the emergency nature of the motion.

Based on the foregoing,

/ / /

/ / /

/ / /

/ / /

/ / /

1 **IT IS ORDERED** that the motion for temporary restraining order (Doc. 3) and motion for order to show cause (Doc. 4) are denied.

Dated this 7th day of April, 2022.

James A. Teilborg
Senior United States District Judge