**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| June Johnson, et al., | No. CV-22-00568-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Secure Ventures LLC, | |
| Defendant. | |

On April 12, 2022, the Court issued the following Order:

    Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

    Here, the complaint alleges jurisdiction based on diversity. (Doc. 1 at 5-6). The complaint acknowledges that diversity requires that Plaintiffs and Defendant be citizens of different states. (Doc. 1 at 6). The complaint then alleges that Plaintiffs and Defendant are both citizens of Arizona. (*Id.*) This is not even a good faith allegation of diversity.

    Nonetheless the Court notes that Defendant is a limited liability company. Limited liability companies take on the citizenship of all of their members. *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). The Court does not know how Plaintiffs determined that Defendant is a citizen of Arizona. Plaintiffs failed to allege the citizenship of every member of Defendant which is required to plead diversity jurisdiction.

    Therefore, the Court will take no further action on this case until Plaintiffs plead federal subject matter jurisdiction. Further, if Plaintiffs fail to plead federal subject matter jurisdiction, this case will be dismissed without prejudice.

    Accordingly,

    **IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a supplement to the complaint properly pleading federal subject matter jurisdiction. If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be

dismissed without prejudice.  The Court will not consider Plaintiffs' application to proceed in forma pauperis until Plaintiffs establish jurisdiction. (Doc. 10).

Without mentioning the April 12, 2022 Order, Plaintiffs filed an amended complaint with the same deficient jurisdictional allegation regarding diversity jurisdiction. (Doc. 16). (It is possible Plaintiffs had not yet received the April 12, 2022 Order at the time of filing the amended complaint.)  In this amended complaint, Plaintiffs include an allegation that this case arises under federal question jurisdiction.  (Doc. 16 at 8).  All allegations of a constitutional violation in the amended complaint are made against the Arizona Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court.  (*Id*. at 1-26).  None of these courts is a party to this case.  Without considering the merits of any of these claims, this Court finds that allegations against non-parties cannot form the basis for federal subject matter jurisdiction.  *Cf. Skyline Vista Equities, LLC v. Agoh*, No. 12-CV-1497-MMA BGS, 2012 WL 2417445, at *2 (S.D. Cal. June 26, 2012) (subject matter jurisdiction cannot be based on a third-party complaint).

Thus, the amended complaint still fails to plead a basis for federal subject matter jurisdiction.  As stated in the April 12, 2022 Order, this Court will take no further action in this case until jurisdiction is established; this includes that the Court will not rule on any of Plaintiffs' renewed requests for emergency relief until jurisdiction is established. Therefore,

**IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a supplement to the amended complaint properly pleading federal subject matter jurisdiction.  If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be dismissed without prejudice.

Dated this 18th day of April, 2022.

James A. Teilborg
Senior United States District Judge

- 2 -