1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    June Johnson, et al.,                          No. CV-22-00568-PHX-JAT

10                Plaintiffs,                        **ORDER**

11   v.

12   Secure Ventures LLC,

13                Defendant.

14

15          On April 12, 2022, the Court issued the following Order:

16          Federal courts are courts of limited jurisdiction.  As a result, they can
     hear only those cases that the Constitution and Congress have authorized
17   them to adjudicate: namely, cases involving diversity of citizenship, a federal
     question, or cases to which the United States is a party.  *Kokkonen v.*
18   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
            Here, the complaint alleges jurisdiction based on diversity. (Doc. 1 at
19   5-6).  The complaint acknowledges that diversity requires that Plaintiffs and
     Defendant be citizens of different states. (Doc. 1 at 6).  The complaint then
20   alleges that Plaintiffs and Defendant are both citizens of Arizona. (*Id*.)  This
     is not even a good faith allegation of diversity.
21          Nonetheless the Court notes that Defendant is a limited liability
     company.  Limited liability companies take on the citizenship of all of their
22   members. *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894,
     899 (9th Cir. 2006).  The Court does not know how Plaintiffs determined that
23   Defendant is a citizen of Arizona.  Plaintiffs failed to allege the citizenship
     of every member of Defendant which is required to plead diversity
24   jurisdiction.
            Therefore, the Court will take no further action on this case until
25   Plaintiffs plead federal subject matter jurisdiction.  Further, if Plaintiffs fail
     to plead federal subject matter jurisdiction, this case will be dismissed
26   without prejudice.
            Accordingly,
27          **IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a
     supplement to the complaint properly pleading federal subject matter
28   jurisdiction.  If Plaintiffs fail to file this supplement, or if the supplement fails
     to plead a basis for federal subject matter jurisdiction, this case will be

dismissed without prejudice.   The Court will not consider Plaintiffs' application to proceed in forma pauperis until Plaintiffs establish jurisdiction.

(Doc. 10).

On April 18, 2022, the Court quoted the above Order and then issued the following additional Order:

> Without mentioning the April 12, 2022 Order, Plaintiffs filed an amended complaint with the same deficient jurisdictional allegation regarding diversity jurisdiction. (Doc. 16). (It is possible Plaintiffs had not yet received the April 12, 2022 Order at the time of filing the amended complaint.) In this amended complaint, Plaintiffs include an allegation that this case arises under federal question jurisdiction. (Doc. 16 at 8). All allegations of a constitutional violation in the amended complaint are made against the Arizona Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court. (*Id*. at 1-26). None of these courts is a party to this case. Without considering the merits of any of these claims, this Court finds that allegations against non-parties cannot form the basis for federal subject matter jurisdiction. *Cf. Skyline Vista Equities, LLC v. Agoh*, No. 12-CV-1497-MMA BGS, 2012 WL 2417445, at *2 (S.D. Cal. June 26, 2012) (subject matter jurisdiction cannot be based on a third-party complaint).
> Thus, the amended complaint still fails to plead a basis for federal subject matter jurisdiction. As stated in the April 12, 2022 Order, this Court will take no further action in this case until jurisdiction is established; this includes that the Court will not rule on any of Plaintiffs' renewed requests for emergency relief until jurisdiction is established. Therefore,
> **IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a supplement to the amended complaint properly pleading federal subject matter jurisdiction.  If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be dismissed without prejudice.

(Doc. 20).

On April 20, 2022, Plaintiffs filed a document they called a "Complaint (Supplement)". (Doc. 21). Regardless of its title, the document is 19 pages and is clearly intended to be a Second Amended Complaint. However, a Second Amended Complaint cannot be filed without leave of Court and accordingly will be stricken. *See* Fed. R. Civ. P. 15.

Additionally, Plaintiffs' April 20, 2022, filing fails to cure the jurisdictional deficiencies recounted in this Court's April 18, 2022 Order. Specifically, Plaintiffs claim federal question jurisdiction based on claimed constitutional depravations that Plaintiffs attribute only to the Arizona Courts. None of the claims are attributed against Defendant. As the Court previously stated, constitutional claims alleged against non-parties do not

confer subject matter jurisdiction on this Court.  (*See* Doc. 20).  Additionally, no allegation is made that Defendant is a state or government actor who would be bound by any constitutional requirements.  Plaintiffs appear to have abandoned their allegation of diversity jurisdiction, so the Court has not addressed it.  Thus, even if the Court considered Plaintiffs' April 20, 2022 filing, it does not allege a proper basis for federal subject matter jurisdiction.

Plaintiffs will be given one last opportunity to allege a basis for federal subject matter jurisdiction by filing a supplement to their amended complaint (Plaintiffs may not restate the entire complaint unless Plaintiffs file a motion to amend the complaint).  In this supplement, Plaintiffs must succinctly allege their basis for federal subject matter jurisdiction. This supplement shall not exceed 2 pages.  As the Court has previously stated, the Court will take no further action on Plaintiffs' various requests for emergency relief until Plaintiffs establish federal subject matter jurisdiction.

Based on the foregoing,

**IT IS ORDERED** that by May 2, 2022, Plaintiffs must file a supplement to the amended complaint properly pleading federal subject matter jurisdiction (this supplement shall not exceed 2 pages).  If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be dismissed without prejudice.  This will be Plaintiffs last opportunity to establish federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Amendment Complaint (captioned "Complaint (Supplement)") (Doc. 21) is stricken.

Dated this 21st day of April, 2022.

James A. Teilborg
Senior United States District Judge