WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| June Johnson, et al., | No. CV-22-00568-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Secure Ventures LLC, | |
| Defendant. | |

On April 12, 2022, the Court issued the following Order:

    Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

    Here, the complaint alleges jurisdiction based on diversity. (Doc. 1 at 5-6). The complaint acknowledges that diversity requires that Plaintiffs and Defendant be citizens of different states. (Doc. 1 at 6). The complaint then alleges that Plaintiffs and Defendant are both citizens of Arizona. (*Id.*) This is not even a good faith allegation of diversity.

    Nonetheless the Court notes that Defendant is a limited liability company. Limited liability companies take on the citizenship of all of their members. *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006). The Court does not know how Plaintiffs determined that Defendant is a citizen of Arizona. Plaintiffs failed to allege the citizenship of every member of Defendant which is required to plead diversity jurisdiction.

    Therefore, the Court will take no further action on this case until Plaintiffs plead federal subject matter jurisdiction. Further, if Plaintiffs fail to plead federal subject matter jurisdiction, this case will be dismissed without prejudice.

    Accordingly,

    **IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a supplement to the complaint properly pleading federal subject matter jurisdiction. If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be

dismissed without prejudice. The Court will not consider Plaintiffs' application to proceed in forma pauperis until Plaintiffs establish jurisdiction.

(Doc. 10).

On April 18, 2022, the Court quoted the above Order and then issued the following additional Order:

> Without mentioning the April 12, 2022 Order, Plaintiffs filed an amended complaint with the same deficient jurisdictional allegation regarding diversity jurisdiction. (Doc. 16). … In this amended complaint, Plaintiffs include an allegation that this case arises under federal question jurisdiction. (Doc. 16 at 8). All allegations of a constitutional violation in the amended complaint are made against the Arizona Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court. (*Id*. at 1-26). None of these courts is a party to this case. Without considering the merits of any of these claims, this Court finds that allegations against non-parties cannot form the basis for federal subject matter jurisdiction. *Cf. Skyline Vista Equities, LLC v. Agoh*, No. 12-CV-1497-MMA BGS, 2012 WL 2417445, at *2 (S.D. Cal. June 26, 2012) (subject matter jurisdiction cannot be based on a third-party complaint).
>
> Thus, the amended complaint still fails to plead a basis for federal subject matter jurisdiction. As stated in the April 12, 2022 Order, this Court will take no further action in this case until jurisdiction is established; this includes that the Court will not rule on any of Plaintiffs' renewed requests for emergency relief until jurisdiction is established. Therefore,
>
> **IT IS ORDERED** that by April 27, 2022, Plaintiffs must file a supplement to the amended complaint properly pleading federal subject matter jurisdiction. If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be dismissed without prejudice.

(Doc. 20).

On April 21, 2022, the Court quoted the above two orders and issued the following additional Order:

> On April 20, 2022, Plaintiffs filed a document they called a "Complaint (Supplement)". (Doc. 21). Regardless of its title, the document is 19 pages and is clearly intended to be a Second Amended Complaint. However, a Second Amended Complaint cannot be filed without leave of Court and accordingly will be stricken. *See* Fed. R. Civ. P. 15.
>
> Additionally, Plaintiffs' April 20, 2022, filing fails to cure the jurisdictional deficiencies recounted in this Court's April 18, 2022 Order. Specifically, Plaintiffs claim federal question jurisdiction based on claimed constitutional depravations that Plaintiffs attribute only to the Arizona Courts. None of the claims are attributed against Defendant. As the Court previously stated, constitutional claims alleged against non-parties do not confer subject matter jurisdiction on this Court. (*See* Doc. 20). Additionally, no allegation is made that Defendant is a state or government actor who would be bound by any constitutional requirements. Plaintiffs appear to have abandoned their allegation of diversity jurisdiction, so the Court has not addressed it. Thus, even if the Court considered Plaintiffs' April 20, 2022 filing, it does not allege a proper basis for federal subject matter jurisdiction.

>       Plaintiffs will be given <u>one last opportunity</u> to allege a basis for federal subject matter jurisdiction by filing a supplement to their amended complaint (Plaintiffs may not restate the entire complaint unless Plaintiffs file a motion to amend the complaint).  In this supplement, Plaintiffs must succinctly allege their basis for federal subject matter jurisdiction.  This supplement shall not exceed 2 pages.  As the Court has previously stated, the Court will take no further action on Plaintiffs' various requests for emergency relief until Plaintiffs establish federal subject matter jurisdiction.
>       Based on the foregoing,
>       **IT IS ORDERED** that by May 2, 2022, Plaintiffs must file a supplement to the amended complaint properly pleading federal subject matter jurisdiction (this supplement shall not exceed 2 pages).  If Plaintiffs fail to file this supplement, or if the supplement fails to plead a basis for federal subject matter jurisdiction, this case will be dismissed without prejudice.  This will be Plaintiffs' last opportunity to establish federal subject matter jurisdiction.
>       **IT IS FURTHER ORDERED** that Plaintiffs' Second Amendment Complaint (captioned "Complaint (Supplement)") (Doc. 21) is stricken.

(Doc. 23) (emphasis in original).

On May 2, 2022, Plaintiffs filed a "supplement".  (Doc. 26).  In that supplement, Plaintiffs make no attempt to argue that this Court currently has federal subject matter jurisdiction over the original complaint or amended complaint.  Instead, Plaintiffs seek leave to amend to add constitutional claims against a Maricopa County Superior Court Judge, the Arizona Court of Appeals and the Arizona Supreme Court.  (Doc. 26 at 1).

As noted in this Court's April 12, 2022 Order, it was possible that this Court had diversity jurisdiction at the time this case was filed, but Plaintiffs have never supplemented their complaint with the necessary information for the Court to determine whether there is diversity jurisdiction.  Thus, the Court will rely only on Plaintiffs' attempt to establish federal subject matter jurisdiction through federal question jurisdiction.

The Court finds that Plaintiffs' motion to amend to add a superior court Judge and two other court entities should be denied because any such amendment would be futile. *See Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (listing factors the court should consider in determining whether to grant leave to amend, including the futility of the proposed amendment).  Specifically, Plaintiffs seek to amend to add constitutional claims against these three potential defendants based solely on rulings made by these courts.  The judges who made these decisions (and the court entities that employ them) would all be entitled to dismissal based on judicial immunity as to any claims for

money damages. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Further, to the extent Plaintiffs seek to sue for injunctive relief, any such relief would be barred by the *Rooker-Feldman* doctrine because Plaintiffs seek to have this Court effectively overturn various state court decisions, which the doctrine prohibits. *See Exxon Mobile v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005) (state court losers cannot come to federal court "complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Thus, amending to add the Arizona judges or the Arizona courts is futile. Accordingly, the request for leave to amend will be denied.

The Court having determined leave to amend will not be granted, the Court returns to the issue of federal subject matter jurisdiction. As noted in all the prior Orders, Plaintiffs have failed to plead a basis for federal subject matter jurisdiction. Additionally, the Court has given Plaintiffs multiple opportunities to establish federal subject matter jurisdiction and most recently warned Plaintiffs that there would be no more opportunities to cure this issue.

As a result of the foregoing, the Court will dismiss this case without prejudice as to whatever claims Plaintiffs may have against Secure Ventures LLC, if any. This dismissal is with prejudice as to whether this complaint establishes federal subject matter jurisdiction. All pending motions will be denied for lack of jurisdiction to grant relief.

In the event Plaintiffs appeal, the Court will deny leave to proceed in forma pauperis on appeal because any appeal would be frivolous. Had this Court screened the complaint or the amended complaint as required by 28 U.S.C. § 1915 based on Plaintiffs' motion to proceed in forma pauperis, the Court would have dismissed for the reasons stated in this Court's order denying a temporary restraining order (Doc. 7 at 2) and based on the *Rooker-Feldman* doctrine.

Accordingly,

1 **IT IS ORDERED** that to the extent Doc. 26 seeks leave to file a second amended complaint, that request is denied because it is futile.

**IT IS FURTHER ORDERED** dismissing this case for lack of federal subject matter jurisdiction without prejudice as to the merits of the case. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that all pending motions are denied for lack of jurisdiction.

Dated this 12th day of May, 2022.

_____
James A. Teilborg
Senior United States District Judge